UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                              CASE NUMBER

**BOYCE J. BOURQUE**                                                                **06-11266**
**CHERYL C. BOURQUE**                                                            **SECTION A**

DEBTORS                                                                                     CHAPTER 13

## REASONS FOR DECISION

This matter came before the Court on the Objection to the Claim of Beneficial Mortgage Company ("Beneficial") in the total amount of $38,714.97.[1] Beneficial holds a second mortgage on the debtors' ("Debtors") residence located at 181 East 37 Place, Cut Off, Louisiana 70345, which has a scheduled value of $94,185.00. Midfirst Bank/Midland Mortgage Company ("Midland") holds a first mortgage on that same property and has filed a proof of claim in the total amount of $97,438.52.[2]

Debtors object to Beneficial's claim on the basis that Beneficial's lien is avoidable in its entirety pursuant to 11 U.S.C. §522(f)(A). While the end result may be the same, the Court believes that Debtors' reliance on section 522(f)(A) is misplaced.

An allowed claim is a secured claim to the extent of the value of the property.[3] Midland's first mortgage is greater than the value of the property, leaving Beneficial's claim wholly unsecured.

Section 1322(b)(2) provides that a chapter 13 plan may not modify the rights of a secured creditor holding a security interest in a debtor's principal residence. However, because Beneficial

---

[1] Claim no. 1.

[2] Claim no. 3.

[3] 11 U.S.C. §506(a).

is wholly unsecured pursuant to section 506(a), its rights may be modified,[4] and it may be treated as an unsecured creditor under Debtors' chapter 13 plan. Because Beneficial's claim is unsecured, the Court will grant in part Debtors' objection to the secured claim of Beneficial. An appropriate order will be entered.

New Orleans, Louisiana, January 26, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[4] *Bartee v. Tara Colony Homeowner's Association, et al (In re Bartee)*, 212 F.3d 277, 295 (5th Cir. 2000).